**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0248-18T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JUAN POLANCO, a/k/a
JUAN BAUTISTA,

     Defendant-Appellant.

_____

Submitted October 15, 2019 – Decided November 12, 2019

Before Judges Sumners and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 16-02-0207.

Joseph E. Krakora, Public Defender, attorney for appellant (Howard Woodley Bailey, Designated Counsel, on the brief).

Mark Musella, Acting Bergen County Prosecutor, attorney for respondent (William P. Miller, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief; Catherine A. Foddai, Legal Assistant, on the brief).

PER CURIAM

Defendant appeals from a June 22, 2018 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. After considering the record against the applicable legal principles, we affirm in part, vacate in part, and remand for further proceedings.

During a traffic stop, the police seized three kilos of heroin hidden in a compartment installed underneath defendant's car. Defendant was subsequently arrested, charged, and indicted with first-degree possession of a controlled dangerous substance (CDS), heroin, with intent to distribute, contrary to N.J.S.A. 2C:35-5(a)(1) (count one); and third-degree possession of heroin, contrary to N.J.S.A. 2C:35-10(a)(1) (count two).

Pursuant to a negotiated agreement, defendant pled guilty to count one of the indictment. In exchange for his guilty plea, the State agreed to dismiss count two and recommend an aggregate six-year prison term with a three-year period of parole ineligibility.

At the sentencing hearing, defendant's counsel submitted a memorandum and urged the court to impose a sentence of five years in state prison with a two and one-half year parole disqualifier. Counsel stressed that defendant had no prior criminal record and cooperated with law enforcement by providing

2

information about the crime including identifying the individual who hired him, others who were also transporting heroin, and the business that installed the compartment in his vehicle to hide the heroin.

Defendant's counsel also stated that defendant accepted responsibility, characterized defendant's actions as the "biggest mistake of his life," and explained that "this was a one-time stupid decision by an otherwise law abiding man, motivated solely to make some extra money to help his two daughters pay for college." Defendant declined to speak at sentencing despite being given the opportunity by the court.

After considering the aggravating and mitigating factors, the court sentenced defendant in accordance with the plea agreement, specifically finding aggravating factors three, N.J.S.A. 2C:44-1(a)(3) ("[t]he risk that the defendant will commit another offense"), and nine, N.J.S.A. 2C:44-1(a)(9) ("[t]he need for deterring the defendant and others from violating the law"). The court found that defendant failed to express remorse for his conduct and justified his actions because he needed money to address college expenses. The court also noted that both defendant and his wife were employed, yet defendant elected to distribute a large quantity of heroin. Based on these facts, the court found defendant had a high likelihood of reoffending.

3

The court also concluded that although this was defendant's first conviction, he engaged in a first-degree offense involving the distribution of heroin. In light of the crisis surrounding the use of heroin, the court determined that defendant's sentence should reflect the need to generally and specifically deter such conduct.

As to the mitigating factors, the court found mitigating factors seven, N.J.S.A. 2C:44-1(b)(7) ("[t]he defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the present offense"), and eleven, N.J.S.A. 2C:44-1(b)(11) ("[t]he imprisonment of the defendant would entail excessive hardship to himself or his dependents"). The court, however, gave those factors little weight and noted that defendant's cooperation with law enforcement led to minimal results and his children were enrolled in college.

Defendant did not appeal his conviction or sentence. Instead, approximately four months later, he filed a PCR petition in which he primarily maintained that counsel was ineffective during the sentencing phase for failing to "secure favorable affidavits from friends, family, employers and other members of the community" that would have positively and more accurately informed the court as to the weight to ascribe to the mitigating factors.

A-0248-18T1

Defendant also certified that he "felt and continues to feel genuine and deep remorse for his conduct and the anguish on his family . . . ." He also maintained in a supplemental submission that he was "very sorry to have caused so much pain to all the people [he] care[s] about," and that he understood "that drugs have destroyed families that [he] know[s], and many families that [he] do[es] not know, and [he] realize[d] it was wrong to get involved in any way in those kinds of things." He stated that he wanted to explain his remorse to the sentencing court, but his counsel instructed him not to speak at sentencing because it would have "mess[ed] up the plea deal."

Defendant also argued that counsel failed to "press the sentencing court to undertake a qualitative analysis" of the aggravating and mitigating factors. He also claimed that due to "the [ac]cumulation of prejudice" he was denied due process and a fair trial, and also that his appellate counsel was ineffective, despite the fact that he never appealed his sentence. Finally, he requested "a reduction in his sentence due to exceptional institutional progress during his rehabilitation."

The PCR court heard oral arguments and denied defendant's petition in a June 22, 2018 oral and written decision and a conforming order issued the same day. In her written opinion, the PCR judge, who was also the sentencing judge,

concluded that defendant failed to satisfy the first prong of the two-part test for ineffective assistance of counsel detailed in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), and adopted by the New Jersey Supreme Court in <u>State v. Fritz</u>, 105 N.J. 42 (1987) (<u>Strickland</u>/<u>Fritz</u>).  The court did not analyze defendant's claims under the second prong of the <u>Strickland</u>/<u>Fritz</u> test.

With respect to prong one, the PCR court rejected defendant's claim that his counsel was ineffective for failing to request specifically application of mitigating factor nine.  The PCR court found that "[a]lthough prior counsel did not expressly ask [the] [c]ourt to apply mitigating factor [nine], he argued for this factor in his sentencing memorandum, in his submission of character letters . . . as well as during sentencing."  The court further relied on defendant's counsel's letter in which he characterized defendant's actions as a "one-time stupid decision by an otherwise law abiding man" who was motivated "to make some extra money to help his two daughters pay for college."

In addition, the PCR court noted that defendant's counsel argued during the sentencing hearing that defendant was unlikely to reoffend.  Further, during a colloquy with defendant's PCR counsel during oral argument, the court noted that defendant's probation report did not evidence that he expressed remorse, and he failed to speak at the sentencing hearing despite being given the

A-0248-18T1

opportunity to do so. The court therefore concluded that defendant's counsel was not deficient for failing to specifically identify mitigating factor nine at sentencing.

Next, the PCR judge rejected defendant's argument that he was denied due process because the sentencing court failed to properly weigh the aggravating and mitigating factors or support its findings with evidence in the record. The PCR court reiterated its findings made during sentencing and reaffirmed that the court prior to sentencing had reviewed counsel's pre-sentencing letter, along with "a significant number of letters from the defense" addressing his character, which included a letter from defendant's daughter.[1]

The PCR judge also reaffirmed her findings at sentencing that the record supported application of aggravating factor nine, concluding that although it was defendant's first offense, it was a first-degree charge involving the sale of heroin. The PCR judge described the charge as "significant," as "defendant didn't start selling a small amount of heroin. He started big." She also observed that heroin is highly addictive and its abuse has reached an "epidemic level" and defendant's

---

[1] In its June 22, 2018 written opinion the court incorrectly stated that defendant's daughter addressed the court at sentencing. Rather than addressing the court in person, defendant's daughter submitted a letter which the court considered when weighing the aggravating and mitigating factors.

A-0248-18T1

admitted actions "contributed to that crisis." The PCR judge deemed it appropriate to send a "strong message of deterrence to . . . defendant, who expressed no remorse, and to the general public."

Finally, the PCR judge denied defendant's request for an evidentiary hearing. This appeal followed.

On appeal, defendant raises the following points:

POINT I

THE POST-CONVICTION RELIEF COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL.

A. THE PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL, EVIDENTIARY HEARINGS, AND PETITIONS FOR POST-CONVICTION RELIEF

B. DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS ATTORNEY FAILED TO SECURE EVIDENCE THAT WOULD HAVE MITIGATED HIS SENTENCE AND THEN SPECIFICALLY ADVISED HIM TO REMAIN SILENT BEFORE THE COURT AT SENTENCING.

On appeal, defendant makes two principal arguments.[2] He initially contends that at sentencing his "attorney failed [to] secure affidavits that would have established more weight to [the] mitigating factors to be considered by the court." Second, defendant maintains that his PCR counsel was constitutionally ineffective for advising him not to speak at sentencing, which prevented defendant from detailing his remorse, the lack of which the sentencing court extensively relied upon in finding the existence of aggravating factor nine.

With the exception of the issue to be addressed on remand, see infra, we find insufficient merit in defendant's first argument to warrant extended discussion in a written opinion, and affirm substantially for the reasons detailed in the PCR court's June 22, 2018 written opinion supporting the application of the aggravating and mitigating factors. R. 2:11–3(e)(2). We offer the following additional comments.

First, according to the PCR judge, the sentencing court reviewed "a significant number of letters from the defense attesting to the defendant's character." On appeal, defendant does not distinguish how the letters submitted to the PCR court differed materially from those submitted and considered by the

_____

[2] We consider any other argument raised before the PCR court but not briefed on appeal to be waived. See N.J. Dep't of Env. Prot. v. Alloway Twp., 438 N.J. Super. 501, 506 n.2 (App. Div. 2005).

A-0248-18T1

sentencing court, in what manner they would have affected the court's weighing of the aggravating and mitigating factors, and how PCR counsel's failures satisfied either prong of the Strickland/Fritz test. See State v. Preciose, 129 N.J. 451, 463-64 (1992).

With respect to defendant's second argument, however, we conclude a remand is necessary for the court to address specifically defendant's claim. As noted, the court's June 22, 2018 oral and written decision concluded that the defendant failed to satisfy the first prong of the Strickland/Fritz test because defendant's PCR counsel failed to argue specifically for the application of mitigating factor nine. As evidenced by defendant's PCR petition and supplemental certification, as well as PCR counsel's supporting briefs, defendant's ineffectiveness of assistance claim was not so limited, however.

Rather, as noted, defendant maintained his counsel was constitutionally deficient because he improperly advised him not to speak at sentencing, where he would have, contrary to the court's findings, expressed remorse for his actions. Neither the court's oral nor written decision specifically addressed this limited argument. Accordingly, we vacate in part the June 22, 2018 order and remand for the court to make additional findings, consistent with Rule 1:7-4, which address this aspect of defendant's claim under the Strickland/Fritz test

10

and also to determine if an evidentiary hearing is necessary. Nothing in our opinion should be interpreted as suggesting our view of the remanded proceedings.

Affirmed in part, vacated in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0248-18T1